**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JONATHAN & ROBYN MOON, )
)
      Plaintiffs, )
)
    v. )    3:11-cv-209-RCJ-RAM
)
)    **ORDER**
BRIAN T. MOYNIHAN et al., )
)
      Defendants. )
_____)

    Currently before the Court are Plaintiffs Jonathan and Robyn Moon's Motion for Temporary Restraining Order (#5) and Motion for Preliminary Injunction (#6).

    The Court heard oral argument on March 28, 2011. Plaintiffs did not appear.

**BACKGROUND**

    On March 21, 2011, Defendants Brian T. Moynihan, Angelo Mozilo, and R.K. Arnold (collectively "Defendants") filed a petition for removal from the Second Judicial District in and for Washoe County. (Pet. for Removal (#1) at 1). On March 22, 2011, this Court received Plaintiffs' motions for a temporary retraining order and preliminary injunction originally filed in state court on February 25, 2011. (*See* Docket Sheet Entry #5, 6). Both motions are identical.

    In the motions, Plaintiffs allege the following. Defendants seek to institute a trustee's sale without satisfying the "necessary legal standing requirements" to do so. (Mot. for TRO (#5) ¶ 2). Plaintiffs will prevail on the merits of their claims because Defendants have failed "to provide Proof of Claim or to be the Creditor and Holder in Due Course. The true beneficiary has not [been] identified." (*Id.* ¶ 7). If the Court does not intervene "Defendants will continue to wrongfully foreclose on [Plaintiffs' home]." (*Id.* ¶ 8). Plaintiffs are "under

reasonable apprehension that Defendants will sell, assign, transfer, or convey [their] assets" before the resolution of this case. (*Id.* ¶ 9). Defendants "will fraudulently proceed with the foreclosure" and cause Plaintiffs "irreparable harm." (*Id.* ¶ 11). Defendants "have been paid in full numerous times, inclusive of the sale of the Promissory Note, the 'Bailout,' TARP and the insurance payments received based on their fraudulent claims to Defendants' insurance provider." (*Id.* ¶ 25). Plaintiffs allege that Defendants have "committed felonious acts" and repeatedly call the Defendants "terrorists," "a terrorist cell," and that their "acts of terrorism have caused greater financial harm to this country than any other terrorist group in American history." (*Id.* ¶¶ 26-28). Plaintiffs allege that "Defendants are in *dishonor* and in *default* of the Deed of Trust by keeping [the Moons'] monthly payments, and after over 48 payments, Defendants have still not fulfilled the aforementioned 'contract' by 'loaning' [them] any money." (*Id.* ¶ 39).

**DISCUSSION**

**A. Motion for Temporary Restraining Order (#5)**

Pursuant to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order without written or oral notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

In this case, Plaintiffs have failed to show that immediate and irreparably injury, loss, or damage will result before Defendants can be heard. In their motion, Plaintiffs *never* assert when the trustee's sale will take place. Therefore, they do not demonstrate that the trustee's sale will take place before Defendants can be heard. Accordingly, the Court denies the motion for a temporary restraining order (#5).

**B. Motion for Preliminary Injunction (#6)**

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. The Ninth Circuit employs two sets of criteria for evaluating a request for preliminary injunctive relief. Under the "traditional test," the movant must establish:

2

1  "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the
2  plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and
3  (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d
4  1064, 1067 (9th Cir.2005) (citation omitted).  As to the second element, the Supreme Court
5  recently clarified that a plaintiff seeking an injunction must demonstrate that irreparable harm
6  is likely, not just possible.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 375-76,172
7  L.Ed.2d 249 (2008).  Under the "alternative test," the plaintiff can meet its burden by showing
8  "either a combination of probable success on the merits and the possibility of irreparable injury
9  or that serious questions are raised and the balance of hardships tips sharply in his favor."
10 *Beardslee*, 395 F.3d at 1067 (citation and internal quotation marks omitted).  "These two
11 alternatives represent 'extremes of a single continuum,' rather than two separate tests."  *Id*.
12 (citations omitted).

13       Based on the motion for preliminary injunction, Plaintiffs have not demonstrated a
14 strong or probable likelihood of success on the merits because Plaintiffs only make vague
15 allegations against the Defendants that they have not satisfied the necessary legal standing
16 requirements for a trustee's sale and have failed to demonstrate that they are the true
17 beneficiaries. (*See* Mot. for Prelim. Inj. (#6) ¶¶ 2, 7).  However, Plaintiffs do not assert *why*
18 Defendants have failed to demonstrate that they are not the proper parties to institute a
19 foreclosure.  Moreover, Plaintiffs appear to argue that they do not have to pay for their home
20 because Defendants received bailout money and TARP funds for the house.  (*See id.* ¶ 25).
21 Accordingly, the Court denies the motion for a preliminary injunction (#6).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Temporary Restraining Order (#5) is DENIED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (#6) is DENIED.

DATED: This 1st day of April, 2011.

_____
United States District Judge

4