# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN & ROBYN MOON,  )
        Plaintiffs, )
        v. )      3:11-cv-209-RCJ-RAM
)
BRIAN T. MOYNIHAN et al., )      **ORDER**
)
        Defendants. )
_____

Currently before the Court are three motions to dismiss (#17, 29, 34). The Court heard oral argument on August 29, 2011.

# BACKGROUND

## I. Facts

Plaintiffs executed a note secured by a deed of trust on a piece of property located at 11825 Paradise View Drive, Sparks, Nevada 89441, which was recorded in Washoe County on June 29, 2007. (Deed of Trust (#35) 5, 7). The mortgage dated June 28, 2007, was for $396.557.60. (*Id.* at 6). The lender on the deed of trust was Indymac Bank, F.S.B. (*Id.*). The trustee on the deed of trust was Stewart Title Insurance Company. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a "nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On June 28, 2007, Plaintiffs executed a note secured by a second deed of trust on the

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

1 same piece of property for $49,569.70.  (Second Deed of Trust (#35) at 28-30).  The lender
2 on the second deed of trust was Indymac Bank.  (*Id.* at 28).  The trustee on the second deed
3 of trust was Stewart Title Insurance Company.  (*Id.* at 29).  MERS was named as a "nominee
4 for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the
5 security instrument.  (*Id.*).

6 On July 1, 2010, Plaintiffs defaulted on their first deed of trust.  (Notice of Default (#35)
7 at 48).  On October 22, 2010, MERS as the nominee for Indymac Bank executed an
8 assignment of deed of trust and transferred all beneficial interest in the first deed of trust to
9 OneWest Bank, FSB.  (Assignment of Deed of Trust (#35) at 52).

10 On November 1, 2010, NDEX West, LLC ("NDEX") filed a notice of breach and election
11 to sell under the first deed of trust with the Washoe County Recorder's office.  (Notice of
12 Default (#35) at 48).  The notice of default informed Plaintiffs of their right to cure the default
13 and reinstate the obligation in the first deed of trust.  (*Id.*).  The notice of default gave Plaintiffs
14 35 days to cure the default in the amount of $12,216.96 as of October 29, 2010.  (*Id.*).

15 On November 16, 2010, OneWest Bank executed a substitution of trustee and replaced
16 NDEX as the trustee for Stewart Title Insurance Company.  (Substitution of Trustee (#35) at
17 54).

18 On February 18, 2011, LSI Title Agency recorded a certificate from the Nevada
19 Foreclosure Mediation Program stating that no request for mediation was made or the grantor
20 had waived mediation.  (Mediation Certificate (#35) at 57).  That same day, NDEX recorded
21 a notice of trustee's sale with the Washoe County Recorder's office.  (Notice of Trustee's Sale
22 (#35) at 59).  On March 17, 2011, NDEX recorded a trustee's deed upon sale which explained
23 that it had sold the property to Fannie Mae for $421,694.38 at a public auction on March 2,
24 2011.  (Trustee's Deed Upon Sale (#35) at 65-66).

25 **II.  Complaint**

26 In April 2011, Plaintiffs filed a First Amended Complaint ("FAC") in this Court against
27 Brian Moynihan (CEO of BAC Home Loans Servicing), Angelo Mozilo (former CEO of
28 Countrywide Home Loans), R.K. Arnold (former CEO of MERS), Joseph Otting (CEO of

1  OneWest Bank), Abhi Talwakar (CEO of LSI Title Company), Seth Adams (attorney in this
2  case), and Ariel Stern (attorney in this case). (FAC (#15) at 1). The FAC, which is mostly
3  incoherent, heavily cites to the Arizona Revised Statutes and occasionally to the Nevada
4  Revised Statutes. (*See id.* at 2-3, 5-7, 10-11).

5    The FAC generally alleges that Defendants engaged in a "fraudulent non-judicial
6  foreclosure procedure that was based on felonious acts of filing numerous false and/or forged
7  documents." (*Id.* at 2). Plaintiffs alleged that Defendants had not established that they were
8  the "True and lawful Creditor and/or Holder in Due Course." (*Id.*). Plaintiffs alleged that
9  Defendants had to present "both the Genuine Original Deed of Trust and Genuine Original
10 Promissory Note" at the time of foreclosure or Defendants were barred from foreclosing on the
11 property. (*Id.* at 3). Plaintiffs sought "declaratory relief" but it is unclear as to what they are
12 seeking declaratory relief of. (*See id.* at 10-11). Plaintiff purports to have evidence of
13 Defendants' fraud and then identifies the people who signed any foreclosure documents in this
14 case. (*See id.* at 12-15). With respect to the CEO Defendants, Plaintiffs allege that the CEO
15 Defendants "caused events to occur within the jurisdiction of this Court" from which their
16 complaint arises. (*Id.* at 9). Plaintiffs seek the return of the "Genuine Original Promissory
17 Note," correction of all filings in Washoe County, costs and fees, and treble damages in the
18 amount of $1,529,475.12. (*Id.* at 21).

19             **LEGAL STANDARD**

20   When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the
21 court must accept as true all factual allegations in the complaint as well as all reasonable
22 inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150
23 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the
24 nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the
25 court should only look to the contents of the complaint during its review of a Rule 12(b)(6)
26 motion to dismiss. However, the court may consider documents attached to the complaint or
27 referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First*
28 *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

///

**DISCUSSION**

Defendants Moynihan, Mozilo, Arnold, and Stern move to dismiss Plaintiffs' FAC. (Mot. to Dismiss (#17) at 1).[2] They argue that the FAC does not distinguish between the five CEO Defendants and fails to adequately assert fraud under Federal Rule of Civil Procedure 9(b). (*Id.* at 5). Defendants interpret the claims as wrongful foreclosure, fraud, and declaratory relief, and assert that all three claims should be dismissed in their entirety. (*Id.* at 6). They assert that they had no involvement in the subject loans because the contested foreclosure actions were undertaken by various corporate entities and not the individual Defendants. (*Id.*). They assert that Plaintiffs have not proffered any justification for piercing the corporate veil. (*Id.* at 7). They argue that Plaintiffs' wrongful foreclosure claim fails as a matter of law because Plaintiffs were not current on their loan payments. (*Id.* at 8). They assert the claim for declaratory relief should be dismissed because it is not an independent cause of action. (*Id.* at 12). Alternatively, they assert that the Court should dismiss the case for lack of personal jurisdiction. (*Id.*).

LSI Title Company moves to dismiss the FAC. (Mot. to Dismiss (#29) at 1).[3] LSI Title asserts that Defendant Talwakar is the President and CEO of LSI Corporation, which is a separate and unrelated company to LSI Title Company.[4] (*Id.* at 3). LSI Title makes a special appearance for the purpose of filing the motion to dismiss and does not consent to being joined in the action. (*Id.*). LSI Title notes that it was not a named party. (*Id.*). LSI Title asserts that, other than naming it in the caption of the case, Plaintiffs make no allegations against it. (*Id.* at 8-9). LSI requests that the Court dismiss the FAC in its entirety for failure to state a claim. (*Id.* at 11).

Defendant Otting moves to dismiss the FAC in its entirety for failure to state a claim or

---

[2] Defendant Otting filed a joinder to this motion to dismiss (#23).

[3] Defendant Otting filed a joinder to this motion to dismiss (#33).

[4] Abhi Talwalkar is the President and CEO of LSI Corporation, a software technology company. *See* LSI Corporation at http://www.lsi.com/about/ourstory/pages/management.aspx (last visited August 30, 2011).

for lack of personal jurisdiction. (Mot. to Dismiss (#34) at 2-3). Otting makes arguments similar to the other Defendants. (*See generally* Mot. to Dismiss (#34)).

Plaintiffs have not filed a response to the named Defendants' motions to dismiss but instead requested extensions for six weeks and 91 days so that they could gather evidence.[5] (*See* Mot. for Extensions (#24, 41). The Court denied these extensions. (Minute Order (#48)). In response to LSI Title Company's motion to dismiss, Plaintiffs state that they do not consent to LSI Title Company's attorney filing a motion to dismiss. (Opp'n to Mot. to Dismiss (#40) at 2).

As an initial matter, the Court construes the FAC to state claims for statutorily defective foreclosure under NRS § 107.080, fraud, and declaratory relief. With respect to the attorney defendants, the Court dismisses, with prejudice, all claims against Ariel Stern and Seth Adams because Plaintiffs make no allegations against them in the FAC. Additionally, with respect to the CEO Defendants, the Court dismisses, with prejudice, all claims against them. First, as demonstrated by LSI Title Company's motion to dismiss, Defendant Talwakar is not their CEO or President and, thus, he did not have anything to do with this foreclosure. Additionally, Plaintiffs do not allege that he had anything to do with their foreclosure other than the vague assertion that he "caused events to occur within the jurisdiction." (*See* FAC (#15) at 9). Second, with respect to Defendants Moynihan and Mozilo who are or were the CEOs of BAC Home Loans Servicing and Countrywide Home Loans, the FAC does not allege that either of their companies had anything to do with the foreclosure at issue. Additionally, the recorded documents show that neither BAC Home Loans Servicing or Countrywide Home Loans were involved with the loan origination or foreclosure. Moreover, Plaintiffs do not make any specific allegations against Moynihan or Mozilo other than to state that they "caused events to occur within the jurisdiction." (*See* FAC (#15) at 9). Third, with respect to Defendants Arnold and Otting, Plaintiffs only allege that they "caused events to occur within the jurisdiction." (*See id.*).

---

[5] Plaintiffs filed their first request for an extension on May 5, 2011 and sought an extra six weeks to respond. (Mot. for Extension (#24) at 2). Although the six week time period ended in mid-June, Plaintiffs did not file a response. On June 2, 2011, Plaintiffs sought a 91-day extension. (Mot. for Extension (#41) at 2).

As such, Plaintiffs have failed to state a claim against those defendants. Accordingly, the Court grants the motions to dismiss (#17, 29, 34) without leave to amend.

Although Plaintiffs may have a claim for a statutorily defective foreclosure under NRS § 107.080 because NDEX did not become a properly substituted trustee until after it filed a notice of default, Plaintiffs fail to name the proper defendants in this case. (*See* Notice of Default (#35) at 48; Substitution of Trustee (#35) at 54). As such, the CEO Defendants and attorney defendants are dismissed with prejudice from this case.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motions to dismiss (#17, 29, 34) are GRANTED without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 8th day of September, 2011.

_____
United States District Judge